```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MALIK OUSLEY,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  13 C 2575
                                 )
COOK COUNTY, et al.,             )
                                 )
          Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

Malik Ousley ("Ousley") has filed a self--prepared 42 U.S.C. §1983 ("Section 1983") Complaint against Cook County Sheriff Tom Dart and two other defendants--(1) D. Gomez, alleged to be Superintendent of the Cook County Department of Corrections ("County Jail") Central Kitchen, and (2) "John Doe," referred to as the head of Aramark Correctional Food Services--to complain about conditions at the County Jail while Ousley was a pretrial detainee there in early 2011.[1]  Ousley has also tendered an In Forma Pauperis Application ("Application"), including a printout of transactions in his trust fund account at Stateville Correctional Center ("Stateville," where he is now in custody) covering the six-month period beginning with October 2012 and ending with March 2013.

---

[1] "Self-prepared" is used as a shorthand term for Ousley's not being represented by counsel, not as a statement that he authored the entire document--instead the Complaint has been submitted on the printed form made available by this District Court's Clerk's Office for use by persons in custody, with the relevant information inserted by Ousley in hand-printed form.

That last submission has enabled this Court to make the threshold determination called for by 28 U.S.C. §1915 ("Section 1915") regarding Ousley's Application. It reflects average monthly deposits during that six-month period (see Section 1915(a)(2) and (b)(1)(A)) that amount to $151.46, 20% of which is $30.29 (see the latter subsection). Accordingly the Application is granted to the extent that Ousley need not pay the full $350 filing fee in advance, although he must pay that entire fee in current and future installments.

Ousley is therefore assessed an initial partial payment of $30.29, and the Stateville trust fund officer is ordered to collect that amount from Ousley's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both that initial payment and all future payments called for in this opinion shall clearly identify Ousley's name and the 13 C 2575 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this opinion to the Stateville trust fund officer.

After such initial payment, the trust fund officer at Stateville (or at any other correctional facility where Ousley may hereafter be confined) is authorized to collect monthly

2

payments from Ousley's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

As for Ousley's substantive grievance, however, the Complaint confirms that he has failed to satisfy the precondition to suit established by 42 U.S.C. §1997e(a)--the exhaustion of all available administrative remedies. Although the exhibits attached to the Complaint contain Detainee Grievance forms dated during March 2011, they fail to reflect his completion of the grievance process at the County Jail as that statute requires.

To the contrary, Complaint ¶¶22 through 24 allege (and this Court credits the allegation) that the only action taken by the County Jail was its March 15, 2011 advice to Aramark "to review its operations" and its statement that Anderson Pest Control was "increasing extermination services at the Central Kitchen." Ousley then simply requested an investigation in a March 22, 2011 grievance form, but he then undertook no follow-up action (either through the renewal of his grievance efforts or by taking an administrative appeal from the earlier asserted "deliberate indifference"). No reasonable inferences in Ousley's favor--reasonable or otherwise--can cause the actions that he pursued at the administrative level to be characterized as

3

"exhaustion" of those remedies.[2]

Accordingly this Court's exercise of its preliminary screening obligation under 28 U.S.C. §1915A(a) has disclosed that Ousley's Complaint "fails to state a claim upon which relief may be granted" (id. at (d)(1)) because of his nonexhaustion of administrative remedies, and both the Complaint and this action are dismissed.  One parenthetical addition, although this has not entered into the decision reached here:  Nearly four years ago (on July 9, 2009) this Court had occasion to dismiss another Section 1983 action brought by Ousley on a claim that also related to "prison conditions" within the meaning of Section 1997e(a) because of his nonpursuit of administrative remedies. As that noted legal scholar Yogi Berra is wont to say:

This is like deja vu all over again.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 12, 2013

---

[2] As an aside, it is difficult to understand why Ousley waited almost two full years after the events that he recounts before he filed this action.  It will be recalled that Illinois-based Section 1983 actions have a two-year statute of limitations, and even if his last Detainer Grievance of March 22, 2011 could be treated as satisfying the exhaustion requirement (as it cannot) the April 5, 2013 receipt of Ousley's Complaint in the Clerk's Office poses a question whether the benefit of the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)) would bring him in under the wire--that would require an inquiry into the date on which he placed his paper in the authorities' hands for mailing.

4